AGNES H. REDHEFFER, Appellant, v. HOUSE AND HOME BUILDING AND LOAN ASSOCIATION *et al.*, Respondents.

St. Louis Court of Appeals, December 10, 1895.

Building Association: COMPULSORY FORECLOSURE OF MORTGAGE. A member of a building association, who has borrowed money from it and mortgaged his real estate and shares to it to secure the loan, can not compel the association to foreclose on default by him, when the terms of the mortgage, as well as the charter of the association, leave such foreclosure optional with the association; and this is so, though the member has parted with the real estate and it is, in itself, sufficient to satisfy the mortgage debt, so that foreclosure would result in freeing his shares.

*Appeal from the St. Louis City Circuit Court.*—Hon. JAMES E. WITHROW, Judge.

AFFIRMED.

*Rorick & Hainer*, *Thos. B. Harlan*, and *Chas. A. Powers* for appellant.

*Silas B. Jones* for respondent.

ROMBAUER, P. J.—The petition of the plaintiff states, in substance, the following facts: The defendant is a corporation incorporated under article 9, chapter 42, of the Revised Statutes as a Mutual Saving Fund Loan and Building Association. The plaintiff is a member of said association, and owner of a number of shares therein. She borrowed money from the association, and as security therefor executed three deeds of trust mortgages on certain real estate owned by her, and also pledged her shares to the defendant. The condition of said deeds of trust required the plaintiff to pay to the defendant a certain amount of money for her monthly dues and interest on the loans, and further provided that, if at any time default should be made in the payment of the monthly dues, interest, or fines, and the same should remain unpaid for the period of six months after any payment thereof should fall due, then the principal debt should *at the option of said association* become due and recoverable, and payment of said principal sum and all interest thereon, as well as the monthly dues and fines then due, might be enforced and recovered at once *by sale of real estate therein described*. The stock pledged as collateral was not to be resorted to, if the amount realized from the sale of the real estate proved sufficient to pay the amount borrowed by the plaintiff with interest, and dues and fines on such shares remaining unpaid to the defendant.

The petition then states that the plaintiff made a junior mortgage on the same real estate to a third party; that this junior mortgage was foreclosed by sale, and the property was bought in at such sale by one Vahrenhorst; that the property exceeds in value all the mortgages; that the plaintiff has never paid her loans from the defendant, or any part thereof; that the defendant, disregarding her rights, has failed to recover payment by exhausting its mortgage security against the real estate, and has permitted the purchaser, Vahrenhorst, against her protest to pay her monthly dues and assessments, and permits him to exercise the rights and privileges that belong to the plaintiff as a member of the association, and has excluded the plaintiff from exercising her just rights as a member thereof; and that said association is near its maturity.

The petition concludes as follows:  "That the said act on the part of the said building association, permitting the said Vahrenhorst to pay the monthly dues accrued and accruing on said stock, is wrongful, unauthorized by any by-law or other authority, and is contrary to the contract of this plaintiff as a borrower of the said association; and, if the said wrongful acts are continued by the said building association, the plaintiff will lose her said stock, and the said wrongful acts will result in irreparable injury to her.  And the plaintiff states that she has no adequate remedy at law.

"Wherefore plaintiff prays that an injunction issue, restraining the defendant building and loan association from further receiving from the said Vahrenhorst, or any person for him or on his behalf or from any other person not authorized by this plaintiff, any dues, fines, interest, or other charge, accrued or accruing on account of said stock, and from giving to the said Vahrenhorst, or any person for or on his behalf or any person whatsoever not authorized by this plaintiff, any benefits to

be derived from or on account of said stock, and from hereafter recognizing him or any other person not authorized by this plaintiff in any manner whatsoever in regard thereto, and for such other and further relief as may seem. meet and proper."

The association and Vahrenhorst were both made parties defendant to this petition, but the defendant association alone appeared and filed a general demurrer, which the court sustained. The plaintiff refusing to plead any further, the court made final judgment dismissing the petition against both defendants. From this judgment the plaintiff appeals, assigning for error that the demurrer was improperly sustained.

It is not conceivable on what theory this suit is brought. Its apparent aim is to force the association to foreclose its mortgages on the real estate so as to free plaintiffs's shares from the lien of the loan, and thus enable her to realize upon the value of her shares at once. However desirable such a result may be to the plaintiff, the courts are powerless to afford her relief in contravention of the terms of her contract, which gives the *option to foreclose* to the association, and not to her, and in further contravention of section 2813 of the defendants' charter which vests the discretion to foreclose in the board of directors of the defendant.

We are referred to a number of cases decided in other states which indicate that these associations can not, against the shareholder's consent, apply payments made by him on his shares to the reduction of the mortgage debt. Such is notably the ruling in Pennsylvania, our statute being a substantial copy of the statute of that state. That it would be very inequitable to do so in cases where the shareholder has ceased to have any interest in the mortgaged property is self-apparent. But what bearing these cases have on the

present inquiry is not perceivable. This case presents no question of the right of appropriation, since it stands conceded that the plaintiff pays nothing, and hence can appropriate nothing. How the association appropriates money paid by Vahrenhorst is not her concern. That Vahrenhorst as a purchaser has a right to discharge incumbrances on his property will not be gainsaid. Whatever hardship there may be in the case is one brought about, not by any illegal acts of the defendants, but by the plaintiff's own contract voluntarily entered into, followed by her impecunious condition. Such hardships equity can not relieve against.

The judgment is affirmed. All the judges concur.